UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darlington Amadasu,
    Plaintiff

vs                                Case No. 1:04-cv-456-SJD-TSH
                                    (Dlott, J.; Hogan, M. J.)

The Christ Hospital, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Attorney Michael Roberts's motion to dismiss (Doc. 7), and the parties' responsive memoranda. (Docs. 14, 17, 20). Also before the Court are plaintiff's motion to amend the complaint (Doc. 21), and defendants' memoranda in opposition to plaintiff's motion to amend. (Docs. 22, 23). For the reasons set forth more fully below, the Court recommends that defendant Roberts's motion to dismiss be granted and plaintiff's to amend the complaint be denied.

### BACKGROUND

Pro se plaintiff Darlington Amadasu was employed by The Christ Hospital for approximately three weeks in July 2000 as a vascular sonographer. Plaintiff's employment was terminated on August 1, 2000, after which plaintiff filed a 25 count complaint against the Health Alliance of Greater Cincinnati, Inc., The Christ Hospital (TCH), Tom Kemme, and David Parloto. *See Amadasu v. The Christ Hospital, et. al.*, United States District Court, S. D. Ohio, Case No. 1:01cv284. These defendants were represented by Attorney Michael Roberts. Defendants filed a summary judgment

motion which was referred to the Magistrate pursuant to 28 U.S.C. § 636. On January 27, 2004, the Magistrate Judge assigned to the case issued a Report and Recommendation that defendants' summary judgment motion be granted and the case be closed. Upon de novo review and in consideration of plaintiff's objections to the Magistrate's Report, the District Court issued an order adopting the Magistrate Judge's recommendations and grating summary judgment in defendants' favor. (See Case No. 1:01cv284, Docs. 88-90)(Dlott, J.; Perelman, M.J.).

While the Magistrate Judge's Report and Recommendation was pending before the District Court in Case No. 1:01cv284, plaintiff filed the instant action, naming Sharon Evans, Sharyn Makrancy, and Janet Patterson, as well as defendants The Health Alliance, TCH, Kemme and Parloto, who were named in the previous action (collectively "the Hospital Defendants"). In addition, plaintiff named as a defendant the Hospital Defendants' counsel in the previous action, Attorney Michael Roberts. This 2nd suit raises 23 claims under both federal and state law, and generally alleges that plaintiff was discriminated and retaliated against by the Hospital defendants who refused to rehire him on the basis of his race, sex, age, and national origin. In addition, plaintiff alleges that the Hospital defendants conspired with their legal counsel to commit various discovery and litigation abuses in Case No. 1:01cv284, thereby depriving him of his civil rights in violation of 42 U.S.C. §§ 1985, 1986.

Defendant Roberts moves the Court for an order dismissing the claims alleged against him, specifically, Counts 12, 13, 14, and 23. Defendant argues that Counts 12-14 should be dismissed because plaintiff's complaint fails to allege facts sufficient to support conspiracy claims under §§ 1985 and 1986. Defendant contends that the conspiracy claims alleged against defendants are barred pursuant to the intra-corporate conspiracy doctrine. Defendant argues that the conspiracy claims should be dismissed because plaintiff has failed to allege any type of state action. Defendant further c ontends that Count 2 3 s hould b e d ismissed b ecause i t f ails t o a llege a cognizable legal claim.

Plaintiff has opposed the motion and has moved the Court for leave to amend his complaint. The proposed amended complaint does not seek to add additional claims or parties. Rather it seeks to add factual allegations in an apparent attempt to avoid dismissal of plaintiff's §§ 1985 and 1986 claims by asserting that defendant Roberts was not a corporate agent of the Hospital defendants in his capacity as their attorney in the previous lawsuit. Plaintiff also seeks to amend his complaint to add

2

allegations stating that the Health Alliance and TCH are not members of the same collective entity such that the intracorporate conspiracy doctrine does not act to bar plaintiff's §§ 1985 and 1986 claims.

## APPLICABLE LEGAL STANDARDS

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. While generally leave to amend a complaint is liberally granted, the Court may deny the motion to amend where the

complaint, as amended, could not withstand a motion to dismiss. *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury,* 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville,* 632 F.2d 21, 23 (6th Cir. 1980). The Court should also consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994).

Where both a motion to amend and a motion to dismiss the complaint are pending, the Court abuses its discretion by dismissing a suit on the basis of the original complaint without first considering and ruling on the pending motion to amend. *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1987). When a district court denies a motion to amend after granting a motion to dismiss, the appellate court reviews both the complaint and the proposed amended complaint for purposes of construing the facts. *Klusty v. Taco Bell Corp.,* 909 F. Supp. 516, 520 (S.D. Ohio 1995)(Merz, M.J.). Accordingly, in ruling on the pending motion to dismiss, this Court must consider both the original complaint and the proposed amended complaint.

## ANALYSIS

Plaintiff alleges that Roberts and the Hospital defendants engaged in a pattern of discovery and litigation abuses in the previous lawsuit as part of a conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3). In order to successfully state a cause of action under § 1985(3), plaintiff must prove: (1) the existence of a conspiracy of two or more persons; (2) the purpose of the conspiracy is to deprive a person or a class of persons of equal protection of the laws or privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of rights of the plaintiff. *Harris v. Bd. of Ed. of Columbus, Ohio,* 798 F. Supp. 1331, 1345 (S.D. Ohio 1992)(Smith, J.)(citing *Cameron v. Brock,* 473 F.2d 608, 610 (6th Cir. 1973)); *Brace v. Ohio State University,* 866 F. Supp. 1069, 1075 (S.D. Ohio 1994)(Graham, J.).

The intracorporate conspiracy doctrine recognized by the Sixth Circuit holds

4

that a corporation cannot conspire with its own agents or employees. *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir.1984); *Hull v. Cuyahoga Valley Joint Vocational School District*, 926 F.2d 505, 509 (6th Cir. 1991); *Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 839-40 (6th Cir. 1994). "It is basic in the law that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Harris*, 798 F. Supp. at 1345 citing *Nelson Radio & Supply Co., Inc.*, 200 F.2d 911, 914 (5th Cir.1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953). The Hospital defendants are all members of the same corporate structure, under the umbrella of The Health Alliance. Attorney Roberts acted as their legal counsel in the previous lawsuit. Thus, Roberts and the Hospital defendants were acting as a collective entity in their defense of the prior action, and the intracorporate conspiracy doctrine bars plaintiffs's § 1985(3) claims. To the extent that plaintiff argues the intracorporate conspiracy doctrine does not apply because he has named individual hospital employees as well as attorney Roberts, who is not a hospital employee, individual members of the same legal entity cannot conspire with one another as long as their alleged acts were within the scope of their employment. *Jackson v. City of Columbus*, 194 F.3d 737, 753 (6th Cir. 1999), *overruled on other grounds*, *Sweirkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "[S]imply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation. The plaintiff must also allege (and prove) that they acted other than in the normal course of their corporate duties." *Harris*, 798 F. Supp. at 1345-46 (internal citations omitted). Plaintiff's complaint does not allege that the defendants acted outside the scope of their employment. Moreover, the complaint alleges that Attorney Roberts was defendants' agent for purposes of providing legal representation to defendants in the previous lawsuit. "[J]ust as a corporation cannot act except through its agents and officers, it generally cannot participate in litigations except through counsel." *Doherty v. American Motors Corp.*, 728 F. 2d 334, 340 (6th Cir. 1984). There is no dispute that attorney Roberts served as trial counsel for the Hospital defendants in the previous lawsuit and that his conduct in this capacity is the basis for plaintiff's allegations against him in the present case. Accordingly, plaintiff's § 1985 claim should be dismissed.

Because a violation of § 1986 requires as a necessary prerequisite a violation of §§ 1985, *Boddie v. American Broadcasting Companies, Inc.*, 694 F.Supp. 1304

(N.D.Ohio1988), plaintiff's § 1986 claim should likewise be dismissed.

Finally, to the extent that plaintiff has alleged claims for "aiding and abetting" and "tortious litigation abuses", neither of these constitutes a cognizable civil claim. For these reasons, defendant's motion to dismiss should be granted and all claims against defendant Roberts should be dismissed.

As discussed above, in ruling on the motion to dismiss, the Court must also consider plaintiff's motion to amend the complaint.[1] The allegations set forth in the proposed amended complaint are either conclusions of law which this Court is not bound to accept, or factual allegations which add nothing to the substance of plaintiff's lengthy twenty-three count complaint. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). Indeed, it appears that plaintiff's proposed amended complaint was drafted specifically to deny those very allegations set forth in plaintiff's original complaint which make clear that plaintiff's conspiracy claims are subject to dismissal pursuant to the intracorporate conspiracy doctrine.

This Court can take judicial notice of the integrated enterprise established by The Health Alliance and its member hospitals, including The Christ Hospital. Fed. R. Evid. 201. *See* www.health-alliance.com/pressroom/about_alliance; or http://serfor.sos.state.oh.us/Cgi-Bin/Rwcgi60.Exe?Imgc+Din+199834500846. Plaintiff's attempts to amend the complaint to assert allegations that TCH and the Health Alliance are not part of the same enterprise and that attorney Roberts was not acting as defendants' counsel and agent are futile, and thereby subject his proposed amended complaint to dismissal. *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994); *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). Under such circumstances, the Court need not exercise its discretion to permit amendment. For these reasons, plaintiff's motion to amend the complaint should be denied.

---

[1] Plaintiff has argued that he is entitled to amend his complaint once as of right without seeking leave of Court to amend. This argument has been fully considered and rejected by this Court. (See Docs. 29, 31, 32, 35, 49). Thus, plaintiff's filing is properly construed as a motion to amend the complaint. (Doc. 21).

## IT IS THEREFORE RECOMMENDED THAT:

Defendant Roberts's motion to dismiss be GRANTED and plaintiff's motion to amend the complaint be DENIED, thereby dismissing all claims against defendant Roberts and terminating defendant Roberts as a party to this action.

*Timothy S. Hogan*
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Darlington Amadasu,
    Plaintiff

vs                                    Case No. 1:04-cv-456-SJD-TSH
                                        (Dlott, J.; Hogan, M. J.)

The Christ Hospital, et. al.,
    Defendants

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7-26-2006. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

8

1:04cv456 Doc. 51

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Darlington Amadasu<br>PO Box 6263<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 2221 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-0835 |