UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Darlington Amadasu,
    Plaintiff

    vs                            Case No.  1:04-cv-456-SJD-TSH
                                       (Dlott, J.; Hogan, M. J.)

The Christ Hospital, et. al.,
    Defendants

---

### REPORT & RECOMMENDATION

---

      This matter is before the Court on the Hospital defendants' motion to dismiss (Doc. 9).  Defendants The Christ Hospital, the Health Alliance of Greater Cincinnati, Thomas Kemme, Dave Parloto, Sharon Evans, Sharyn Makrancy, and Janet Patterson (the Hospital defendants) move the Court to dismiss several claims asserted against them, arguing that the claims identified below should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Ths Court finds defendants arguments are well-taken and recommends that the motion be granted for the reasons set forth more fully below.

      Pro se plaintiff Darlington Amadasu was employed by The Christ Hospital for approximately three weeks in July 2000 as a vascular sonographer.  Plaintiff's employment was terminated on August 1, 2000, after which plaintiff filed a 25 count complaint against the Health Alliance of Greater Cincinnati, Inc., The Christ Hospital (TCH), Tom Kemme, and David Parloto.  *See Amadasu v. The Christ Hospital, et. al.*, United States District Court, S. D. Ohio, Case No. 1:01cv284.  These defendants were represented by Attorney Michael Roberts.  Defendants filed a summary judgment motion which was referred to the Magistrate pursuant to 28 U.S.C. § 636.  On January 27, 2004, the Magistrate Judge assigned to the case issued a Report and Recommendation that defendants' summary judgment motion be granted and the case

be closed. Upon de novo review and in consideration of plaintiff's objections to the Magistrate's Report, the District Court issued an order adopting the Magistrate Judge's recommendations and grating summary judgment in defendants' favor. (See Case No. 1:01cv284, Docs. 88-90)(Dlott, J.; Perelman, M.J.).

While the Magistrate Judge's Report and Recommendation was pending before the District Court in Case No. 1:01cv284, plaintiff filed the instant action, naming Sharon Evans, Sharyn Makrancy, and Janet Patterson, as well as defendants The Health Alliance, TCH, Kemme and Parloto, who were named in the previous action (collectively "the Hospital Defendants"). In addition, plaintiff named as a defendant the Hospital Defendants' counsel in the previous action, Attorney Michael Roberts. This 2nd suit raises 23 claims under both federal and state law, and generally alleges that plaintiff was discriminated and retaliated against by the Hospital defendants who refused to rehire him on the basis of his race, sex, age, and national origin. In addition, plaintiff alleges that the Hospital defendants conspired with their legal counsel to commit various discovery and litigation abuses in Case No. 1:01cv284, thereby depriving him of his civil rights in violation of 42 U.S.C. §§ 1985, 1986.

Defendants move to dismiss all those discrimination claims alleged against the Hospital defendants in this second suit stemming from plaintiff's August 2000 termination gwhich were or could have been raised by plaintiff in the previous lawsuit, Case No. Case No. 1:01cv284. Defendants argue that such claims are barred by the doctrine of res judicata. Defendants also move the Court to dismiss plaintiff's §§ 1985 & 1986 conspiracy claims (Counts 12, 13, & 14), based on the intracorporate conspiracy doctrine. In addition, defendants contend that plaintiff's state law claim for interference with contract (Count 20) should be dismissed because plaintiff has failed to allege that the contractual interference was committed by someone who is not a party to the alleged contract. Finally, defendants move the Court to dismiss plaintiff's claims for breach of a federal contract and for tortious litigation because these allegations do not raise any cognizable claims.

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to

2

test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

The doctrine of res judicata acts to bar a subsequent action if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue int eh subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Becherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999)(quoting *Bittinger v. Tecumseh Prods Co.*, 123 F.3d 877, 880(6th Cir. 1997))(internal quotations ommitted). In the present case, to the extent that plaintiff's complaint raises claims based on his termination from employment with TCH in August, 2000, all four elements have been satisfied. Therefore, any discrimination claims alleged in this action which are based on plaintiff's August 2000 termination should be dismissed. (*See e.g.* Complaint, ¶¶ 59-65, Counts 2, 3, & 4).

Counts 12-14 allege that the Hospital defendants and their legal representative in the previous lawsuit conspired to deprive plaintiff of his civil rights in violation of 42 U.S.C. §§ 1985 & 1986. For the reasons set forth in this Court's Report and Recommendation concerning defendant Michael Roberts's motion to dismiss, which

3

this Court fully incorporates by reference, plaintiff's conspiracy claims against the Hospital defendants should be dismissed. These claims are barred by the intracorporate conspirace doctrine. (*See* Doc. 51, Report & Recommendation issued July 26, 2006).

Under Ohio law, a claim for interference with contractual relations requires that the interference alleged be committed by someone who is not a party to the contract. A plaintiff cannot state a cause of action for tortious interference against a supervisory employee who was acting within the scope of his duties. See *Courie v. ALCOA*, 832 N.E.2d 1230, 1238 (Ohio Ct. App. 2005); *Daup v. Tower Cellular, Inc.*, 737 N.E.2d 128 (Ohio Ct. App. 2000); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). Consequently, plaintiff's claim for tortious interference with his contract by employees of TCH and or the Health Alliance must fail.

Finally, we agree with defendants that plaintiff's Counts 19 and 23, alleging breach of federal contracts and tortious litigation abuses fail to state cognizable claims and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

The Hospital defendants' motion to dismiss (Doc. 9) be granted. Counts 12, 13, 14, 19, 20, and 23 should be dismissed in their entirety. Counts 1-7, 10, 11, 15, & 18 should be dismissed to the extent these discrimination claims are based on plaintiff's August 2000 termination from employment with TCH, and were or could have been asserted the previous lawsuit, Case No. 1:01cv284.

            s/Timothy S. Hogan
            Timothy S. Hogan
            United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Darlington Amadasu,
    Plaintiff

    vs                                     Case No.  1:04-cv-456-SJD-TSH
                                              (Dlott, J.; Hogan, M. J.)

The Christ Hospital, et. al.,
    Defendants

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/27/2006. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

1:04cv456 Docs. 52+53

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Darlington Amadasu<br>PO Box 6263<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 2238 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-0835 |